UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONY BMG MUSIC ENTERTAINMENT,
a Delaware general partnership;
UMG RECORDINGS, INC.,
a Delaware corporation;
CAPITOL RECORDS, INC.,
a Delaware corporation; and                    Case No. 2:05-cv-18
ARISTA RECORDS LLC,
a Delaware limited liability company,          Hon. Wendell A. Miles

       Plaintiffs,

v

SARAH JOHNSON,

       Defendant.
_____

DEFAULT JUDGMENT
AND PERMANENT INJUNCTION

       Plaintiffs filed this action against defendant Sarah Johnson alleging copyright infringement. Defendant Johnson has defaulted, her default having been entered on March 4, 2005.

       The court has reviewed all of the filings of the plaintiffs in this case, including but not limited to their complaint (the allegations of which are now deemed admitted), and the affidavits submitted. The court finds that plaintiffs are entitled to statutory damages, costs, and injunctive relief pursuant to 17 U.S.C. §§ 502, 503(b), 504(c)(1) and 505. Therefore,

       **IT IS ORDERED AND ADJUDGED** as follows:

       1. Defendant Sarah Johnson shall be and hereby is enjoined from directly or indirectly infringing plaintiffs' rights under federal or state law in the following copyrighted sound

recordings: "Come and Talk to Me," on album "Forever My Lady," by artist "Jodeci" (SR# 129-912); "Bends," on album "The Bends," by artist "Radiohead" (SR# 280-260); "Luven Me," on album "Country Grammar," by artist "Nelly" (SR# 281-782); "ATLiens," on album "ATLiens," by artist "Outkast" (SR# 233-296); "Ms. Jackson," on album "Stankonia," by artist "Outkast" (SR# 306-741); "Thug Angels," on album "The Ecleftic - 2 Sides II A Book," by artist "Wyclef Jean" (SR# 291-301); and "If I Want To," on album "8701," by artist "Usher" (SR# 307-207).

    2. Defendant is further enjoined from directly or indirectly infringing plaintiffs' rights under federal or state law in any other sound recording, whether now in existence or later created, that is owned or controlled by the plaintiffs (or any parent, subsidiary, or affiliate record label of plaintiffs) ("plaintiffs' recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of plaintiffs' recordings, to distribute (i.e., upload) any of plaintiffs' recordings, or to make any of plaintiffs' recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiffs.

    3. Defendant shall destroy all copies of plaintiffs' recordings that defendant has downloaded onto any computer hard drive or server without plaintiffs' authorization, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in defendant's possession, custody, or control.

    4. Defendant shall pay actual damages to plaintiffs in the amount of $5,250.00, with interest until paid as provided by law.

    5. Defendant shall pay plaintiffs' costs of action in the amount of $156.03.

      6.  Plaintiffs shall immediately cause a copy of this default judgment and permanent injunction to be served on the defendant.

      Entered this 27th day of April, 2005.

                                        /s/ Wendell A. Miles  
                                        Wendell A. Miles  
                                        Senior U.S. District Judge